D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GUS BETHEA,

                                                Petitioner,

                                           -against-

JAMES WALSH, Superintendent of Sullivan
Correctional Facility,

                                             Respondent.
------------------------------------------------------------X

**ORDER**

**09-CV-5037 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

By letter dated February 12, 2010, pro se Petitioner Gus Bethea requests that his Petition for a writ of habeas corpus be held in abeyance so that he may exhaust additional claims in state court. (See Docket Entry # 6.) He filed his Petition under 28 U.S.C. § 2254 on November 11, 2009. (See Petition (Docket Entry # 1).) Respondent submitted his opposition on February 2, 2010. (See Opposition (Docket Entry # 4).)

**I.     DISCUSSION**

On direct appeal from his Judgment of Conviction, Petitioner raised three claims: (1) the trial court erred in failing to afford him a hearing to determine the admissibility of uncharged-conduct evidence; (2) his trial counsel rendered constitutionally deficient performance by failing to request a hearing to determine the admissibility of the uncharged acts, by failing to request limiting instructions, and by inadequately conducting cross-examination, summation, and sentencing proceedings; and (3) the trial court imposed an impermissibly harsh and excessive sentence. (See Aff. in Support of § 440 Motion ("§ 440 Motion") (Docket Entry # 6) ¶ 54.) The Appellate Division unanimously affirmed Petitioner's conviction. See People v. Bethea, 34

1

A.D.3d 489 (2d Dept. 2006), leave to appeal denied 9 N.Y.3d 840 (2007). On August 19, 2008, the Appellate Division denied Petitioner's application for a writ of error coram nobis claiming that his appellate counsel was constitutionally ineffective. See People v. Bethea, 54 A.D.3d 420 (2d Dept. 2008), leave to appeal denied 13 N.Y.3d 834 (2009).

Petitioner now seeks to stay his federal habeas proceedings so that he can pursue a motion under N.Y. Crim. Proc. § 440 asserting both that his trial counsel was constitutionally ineffective and that he is actually innocent. (Aff. in Support of § 440 Motion ¶ 1.) Although his Petition also asserts claims for ineffective assistance of counsel, the claims asserted in his § 440 Motion rely on different factual allegations. Petitioner now claims that his trial counsel, inter alia, failed to adequately investigate and prepare his case for trial. As a result of these failures, Petitioner claims that his trial counsel did not uncover facts showing his innocence. Petitioner states that his trial counsel pleaded guilty to grand larceny for stealing $150,000 from the Assigned Counsel Plan by submitting fraudulent vouchers for hours spent working on criminal cases between January 5, 2000 and January 31, 2003. (Id. ¶¶ 25-26.) Petitioner's trial counsel was appointed on October 15, 2002. (See Aff. in Support of § 440 Motion ¶ 3.)

Petitioner did not assert these claims in his original Petition. Because his Petition is, therefore, not a "mixed petition" under Rose v. Lundy, 455 U.S. 509 (1982), a motion to hold his Petition in abeyance is premature. Before the court can address a motion to stay its proceedings, Petitioner must file a motion under Federal Rule of Civil Procedure 15 to amend his Petition to add these new, unexhausted claims. Petitioner need not address whether his new claims relate back to his original Petition for statute of limitations purposes; Respondent has expressly declined to oppose his Petition as untimely. (See Aff. in Opp. ¶ 20.) Even though Petitioner's

filing is not subject to the statute of limitations, the court directs Petitioner to submit his motion to amend, if any, within 30 days of this Order..

## II. CONCLUSION

Petitioner's motion to hold his Petition in abeyance is denied without prejudice. Should Petitioner wish to pursue his new claims in his federal habeas proceedings, he must move to amend his Petition within 30 days. Petitioner must attach to his motion a proposed amended petition that includes the claims raised in his current Petition and the new claims that he has yet exhaust.

Should Petitioner pursue this course, he must also re-file his motion to stay his Petition. Petitioner should be aware that under Rhines v. Weber, 544 U.S. 269, 277 (2005), this court can grant requests to stay only when (1) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition and (2) the unexhausted claims are not "plainly meritless." In his submission, Petitioner should state when he discovered the factual basis for his new claims.

Respondent is directed to respond to Petitioner's motions within 30 days after Petitioner serves his motions.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
June _/_, 2010

NICHOLAS G. GARAUFIS
United States District Judge